UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JAMES EDWARD PENICK, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 2:12-cv-00341-WTL-WGH |
| UNITED STATES OF AMERICA, DR. RADANEATA AND DRUMMY, | ) ) ) ) | |
| Defendants. | ) | |

**Entry Granting Motion for Summary Judgment and Directing Entry of Final Judgment**

Plaintiff James Edward Penick, a former inmate of the Federal Bureau of Prisons ("BOP") at the United States Penitentiary in Terre Haute, Indiana ("USP-Terre Haute") brings this action pursuant to the theory recognized in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Penick alleges that defendants Ryan Drummy and Dr. Radaneata denied, delayed or hindered Penick's access to necessary medical care for his right eye after his transfer to the USP-Terre Haute and as a result he suffered significant vision loss. See dkt. 28 at 1.[1] Defendant Drummy seeks resolution of this action through dismissal or summary judgment, arguing that Penick failed to exhaust his available administrative remedies with respect to his claims as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997 ("PLRA"). Penick opposes the motion for summary judgment arguing that he properly exhausted "twice with respect to his optical issues." Pl.'s Reply at 1. Specifically, Penick asserts that he properly exhausted Administrative Remedy numbers 740779 and 533354. *Id* at 2.

---

[1] The United States is no longer a defendant in this action. See dkt. 12. The **clerk is directed** to terminate the United States as a defendant in this action.

Although one defendant, Dr. Radaneata, has not appeared in this action, the motion for summary judgment is applicable as to him as well as the moving defendant. *See Malak v. Associated Physicians, Inc.,* 784 F.2d 277, 280 (7th Cir. 1986) ("[W]here one defendant files a motion for summary judgment which the court grants, the district court may *sua sponte* enter summary judgment in favor of additional non-moving defendants if the motion raised by the first defendant is equally effective in barring the claim against the other defendants and the plaintiff had an adequate opportunity to argue in opposition to the motion.").

For the reasons explained below, the motion for summary judgment [dkt. 56] **is granted** in favor of defendant Drummy and this action is action is dismissed without prejudice as to both defendants for failure to exhaust administrative remedies.

## I. Standard of Review

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* The court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011). The applicable substantive law will dictate which facts are material. *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248).

## II. Discussion

The PLRA requires that prisoners who bring suit in federal court must first exhaust their available administrative remedies. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524-25

(2002). The PLRA's exhaustion requirement applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532. The PLRA was enacted "to reduce the quantity and improve the quality of prisoner suits" by "afford[ing] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Id.* at 524–25. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

A. *Undisputed Facts*

Penick has responded to the defendants' motion, but has not provided the *Statement of Material Facts in Dispute* or any admissible evidence as required by Local Rule 56-1. This does not alter the standard for assessing a Rule 56(c) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997). The Court did consider, however, the two exhibits attached to Penick's response brief. See dkt. 60-1.

The following statement of facts are presented in the light reasonably most favorable to Penick as the non-moving party with respect to the motion for summary judgment.

The BOP promulgated an administrative remedy system which is codified in 28 C.F.R. §§ 542.10, *et seq.*, and BOP Program Statement 1330.17, *Administrative Remedy Procedures for*

*Inmates*. The Administrative Remedy process is a method by which an inmate may seek formal review of a complaint related to any aspect of his imprisonment. To exhaust his remedies, an inmate must first file an informal remedy request through an appropriate institution staff member via a BP-8. If the inmate is not satisfied with the informal remedy response, he is required to first address his complaint with the Warden via a BP-9. If the inmate is dissatisfied with the Warden's response, he may appeal to the Regional Director via a BP-10. If dissatisfied with the Regional Director's response, the inmate may appeal to the General Counsel via a BP-11. Once an inmate receives a response to his appeal from the General Counsel, after filing administrative remedies at all required levels, his administrative remedies are deemed exhausted as to the specific issues properly raised therein.

All codified BOP Program Statements are available for inmate access via the institution law library, including BOP Program Statement 1330.17. Additionally, Administrative Remedy filing procedures are outlined in an Inmate Information Handbook, which is provided to all inmates upon initial intake at USP Terre Haute.

All administrative remedy requests filed by inmates are logged and tracked in the SENTRY computer database, an electronic record keeping system utilized by the BOP. That database shows the filings of administrative remedy requests by Penick and the responses to those requests.

During the time Penick was incarcerated at the USP-Terre Haute he filed a total of forty-two (42) submissions. This civil action was filed on November 19, 2012, alleging medical issues involving USP-Terre Haute staff members. Penick asserts that two of his administrative remedy submissions are at issue in this case, specifically Administrative Remedy No. 533354 and 740779.

On April 7, 2009, Penick filed remedy 533354-F1 (a BP-9) at the institution level claiming "doesn't like hard eye patch." This filing was rejected on the same date because there were no signatures on the informal remedy request (the BP-8) and Penick was told he could re-file in proper form within 10 days of the rejection notice. On April 7, 2009, Penick re-filed at the institution level under remedy 533354-F2 (second BP-9). The remedy was closed with explanation on April 9, 2009. On May 1, 2009, Penick filed remedy 533354-R1 (a BP-10) at the regional level. The remedy was closed with explanation May 5, 2009. Penick submitted no other filings for this administrative remedy number (specifically, he did not file a BP-11), and therefore, he failed to exhaust his available remedies.

On July 2, 2013, Penick filed remedy 740779-F1 (the BP-9) at the institution level claiming "Medical Issues." On July 29, 2013, Penick filed remedy 740779-R1 (the BP-10) at the regional level. On October 17, 2013, Penick filed remedy 740779-A2 (the BP-11). A response date of December 16, 2013 expired; therefore the remedy was deemed denied. Thus, if this remedy was exhausted, it was necessarily exhausted on December 16, 2013, which is after this civil action was filed.

B. *Analysis*

Penick did submit administrative remedy requests related to the incident alleged in his complaint, but he did not pursue any of these remedy requests through each level as required by the BOP prior to filing this civil action. Although Penick asserts that he filed all required remedy requests with regard to administrative remedy request 533354 and 740779 he provides no admissible evidence to support this assertion.

1. Administrative Remedy No. 533354

Penick's assertion that he exhausted as to Administrative Remedy No. 533354 is not supported by any evidence or the documents attached to Penick's Reply. The evidence before this Court is that such remedy was rejected and closed at the regional level on May 5, 2009. There is no evidence that he filed any administrative remedy request at the central office level (a BP-11) in connection with that remedy. Thus, he failed to exhaust his administrative remedies as to the claim relating to his hard eye patch.

2. Administrative Remedy No. 740779

Penick's attempt to rely upon an Administrative Remedy No. 740779-A2 is also without merit. The documents attached to Penick's response brief establishes that Penick attempted to exhaust an administrative remedy after the filing of this lawsuit. The record reflects that Penick did not even start the administrative process in connection with that remedy until well after he filed his complaint. Penick's attempt to exhaust administrative remedies while this case is pending cannot satisfy the exhaustion requirement imposed by the PLRA. An inmate must fully exhaust *before* bringing his lawsuit, and efforts to exhaust while the case is pending do not satisfy 42 U.S.C. § 1997e(a). *Griffin v. Auterson*, 547 Fed. App'x 785 (7th Cir. 2013) ("The provision requires prisoners to exhaust administrative remedies before they file suit, not just before the exhaustion defense is raised.") (citing *Burrell v. Powers,* 431 F.3d 282, 284–85 (7th Cir. 2005)); *see also Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory.").

The undisputed evidence reflects that Penick did not fully exhaust his available administrative remedies as required by the PLRA.

## III. Conclusion

The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Penick's Eighth Amendment claim related to the treatment of his right eye should not have been brought and must now be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004)("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice."); *Pozo v. McCaughtry,* 286 F.3d 1022, 1024 (7th Cir. 2002) (explaining that "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating").

The motion for summary judgment [dkt. 56] is therefore **granted.** The ruling in this Entry is entirely dispositive of the claims remaining in this action. The United States of America's motion for reconsideration [dkt. 49] is **denied as moot.** Given the dismissal of this action, the United States is not required to provide the last known mailing address for Dr. Radaneata.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/24/14

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JAMES EDWARD PENICK
2216 Vine Street
Cincinnati, OH 45219

All Electronically Registered Counsel